

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas


Dear Sir:

Opinion No. O-2682
Re: Legality of employment of a County
Judge to represent his county in a suit
in which the county is a party.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Under date of October 3, 1939, in opinion O-1372 to the County Auditor of Milam County, you rendered an opinion that the Commissioners' Court has the power to employ counsel to represent the County or to assist the County Attorney.

"Please give me an opinion on the following question:

"Where the County Judge is a licensed attorney and is in the active practice of law and does, in most instances, represent the County in all legal matters, would the Commissioners' Court be authorized to employ said County Judge as counsel to represent the County in suits filed against the County or on behalf of the County where the jurisdiction of the County Court would not be involved?"

Article 1928, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The county judge shall, before entering upon the duties of his office, execute a bond payable to the treasurer of his county to be approved by the commissioners court of his county, in a sum of

not less than one thousand nor more than ten thousand dollars, the amount to be fixed by the commissioners court, conditioned that he will pay over to the person or officer entitled to receive it, all moneys that may come into his hands as county judge, and that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

Article 2340, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as foluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

This department held, in an opinion written by Honorable W.A. Keeling, Assistant Attorney General, dated March 1, 1913, and printed in 1912-1914 Reports of the Attorney General of Texas, pages 119-120, that a contract between the county judge and the commissioners' court of Tarrant County allowing the county judge commissions for the sale of county bonds was violative of the county judge's oath which provided that the county judge "will not be directly or indirectly interested in any contract with or claim against the county in which he resides, except such warrants as may issue to him as fees of office." The opinion also held the contract void as contrary to sound public policy.

We think the above holding is correct and we approve same.

It is the opinion of this department that the proposed employment would be violative of the county judge's oath of office and also contrary to sound public policy. Your question is therefore answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

VJF:AW

APPROVED SEP 6, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

